EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, CA 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
GOLDEN LAW
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| S.M., | ) Case No. |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND JURY** |
| vs. | ) **DEMAND** |
| UNITED STATES OF AMERICA; [FIRST NAME UNKNOWN] BANKS, in his individual capacity; [FIRST NAME UNKNOWN] HENDRICKS, in his individual capacity. | ) |
| Defendants. | ) |

**INTRODUCTION**

1.      S.M. served a sentence in the Bureau of Prisons and was housed at Federal Transfer Center Oklahoma City ("FTC Oklahoma") and later transferred to Federal Correctional Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club".

2.      While housed at FTC Oklahoma and FCI Dublin, S.M. faced constant sexual harassment, culminating in sexual abuse and long-lasting traumatization.

*S.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 1

3. Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

4. Plaintiff S.M. experiences trauma to this day from the abuse she suffered while at FCI Dublin.

## JURISDICTION AND VENUE

5. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff S.M. will list this case on the bi-monthly list that will be submitted to the Court to relate this case to those other cases.

## PARTIES

9. Plaintiff S.M. was at all times relevant hereto incarcerated in Federal Transfer Center Oklahoma City ("FTC Oklahoma") and Federal Correctional Institute Dublin ("FCI Dublin").

10. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of FTC Oklahoma and FCI Dublin. FCI Dublin was a federal female low-security correctional institution.

11. Defendant [First Name Unknown] Banks was at all times relevant hereto a Correctional Officer at FTC Oklahoma. He is sued in his individual capacity.

12. Defendant [First Name Unknown] Hendricks was at all times relevant hereto a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

13. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff S.M. Plaintiff S.M. was dependent upon Defendant United States for her personal security and necessities.

14. In performing the acts and/or omissions contained herein, Defendants Banks and Hendricks acted under color of federal law, and Plaintiff S.M. is informed and believes each acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff S.M. Defendant United States knew or should have known that their conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff S.M. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendant United States failed to take steps to protect Plaintiff S.M. and to ensure her rights to safety from sexual abuse.

**FACTS**

15. Plaintiff S.M. was incarcerated at FCI Dublin from April 2023 to April 2024. She was transferred there from FTC Oklahoma.

16. Plaintiff S.M. experienced sexual harassment and abuse while at FTC Oklahoma, and then, when she was transferred to FCI Dublin, where she was again sexually abused, her trauma and anxiety were exacerbated.

17. Because of the conditions at FCI Dublin, where the culture of sexual abuse and harassment was normalized by the BOP and higher-level management, prisoners, like Plaintiff S.M., who had already experienced sexual assault, were especially vulnerable.

18. In April 2022, Plaintiff S.M. was working as an orderly at FTC Oklahoma.

19. One day, while she was filling up chemicals in the closet with a fellow prisoner co-worker, Defendant Banks stood in the doorway preventing them from leaving.

20. Defendant Banks then told Plaintiff S.M. and her co-worker, who was also her cellmate, to undress.

21. Plaintiff S.M. thought he was joking and began to laugh. Defendant Banks did not relent. He told her he was serious.

22. Plaintiff S.M. felt powerless and that she could not say no or otherwise refuse this direct order.

23. So, Plaintiff S.M. and her co-worker undressed.

24. Defendant Banks ordered them to kiss one another and place their fingers inside one another's vaginas.

25. He directed each of her actions, and Plaintiff S.M. complied because she feared that if she did not, he would physically force her or physically force himself on her and rape her.

26. While he demanded the two of them engage in this sexual conduct, Defendant Banks remained at the doorway, taking his penis out and masturbating until he ejaculated.

27. Defendant Banks then gave them candies and coffee packets as a "reward."

28. Plaintiff S.M. felt deep shame and embarrassment about this incident, but she did not know what to do.

29. She was certain to encounter Defendant Banks again, and she was scared of what he might do if she told anyone.

30. Plaintiff S.M. also tried to tell herself it was a one-time event and it would never happen again.

31. The next night, however, while Plaintiff S.M. and her cellmate were in their cell, Defendant Banks came to their cell.

32. He gave them a roll of toilet paper and flashed his flashlight inside their cell.

33. He told them to look inside the toilet paper roll.

34. Inside, there was a note that directed them to get naked and have sex with one another.

35. Defendant Banks stood at their cell while they read the note, and he stood there watching them until they complied.

36. The two were again forced to undress and touch each other's bodies and genitalia, and digitally penetrate each other's vaginas, while Defendant Banks watched outside the cell and masturbated.

37.    After he finished, he slid coffee packets under the door, again as some kind of payment.

38.    Plaintiff S.M. was embarrassed and ashamed by what she experienced.

39.    She had nightmares and was unable to sleep.

40.    Plaintiff S.M. was relieved when she was finally transferred from FTC Oklahoma in April 2023, but her relief soon subsided when she arrived at FCI Dublin.

41.    Shortly after her arrival at FCI Dublin, Defendant Hendricks started working in her unit.

42.    He started to groom Plaintiff S.M.

43.    At first, he was very stern and strict with her.

44.    Then, he started to joke with her and be friendly, as if singling her out for special treatment.

45.    Plaintiff S.M. believed that Defendant Hendricks was just being nice, and she let her guard down with him.

46.    Defendant Hendricks soon revealed that he had an ulterior motive.

47.    Towards the end of September 2023, Defendant Hendricks started observing Plaintiff S.M. in the shower.

48.    At first, he would peer through gaps in the curtain or over the top of the shower.

49.    He did this over and over, and his voyeurism while she was in the shower persisted for approximately three months.

50.    Then, on one occasion, he became more brazen and opened the shower curtain while Plaintiff S.M. was showering to leer at her naked body.

51.    One day in late November or December 2023, after Plaintiff S.M. had just showered, she was in her room, wrapped in a towel, putting on lotion. She had one leg propped up on the lower bunk.

52.    All of a sudden, she felt Defendant Hendrick's hand on her buttocks.

53.    When she turned to him, she fumbled with her towel, and it fell, exposing her naked body.

54. Defendant Hendricks was touching his penis through his pants and asked her when she was going to let him "get it," which she understood to mean that he was asking her when she was going to let him have sex with her.

55. Plaintiff S.M. froze and did not respond because she was immediately triggered by this encounter, feeling powerless, and right back to where she was at FTC Oklahoma.

56. She begged him to stop pursuing her.

57. Defendant Hendricks cursed at her and left her cell.

58. Shortly after this incident, in retaliation for her rejection of him, Defendant Hendricks arranged for Plaintiff S.M. to be sent to the Special Housing Unit ("SHU"), where she was held for eight days without reason or justification.

59. Plaintiff S.M. had never been to the SHU, and she was terrified.

60. While she was in the SHU, staff took all of her belongings.

61. Plaintiff S.M. understood the message—Defendant Hendricks was in control, and he could have her punished at any time.

62. Still, Plaintiff S.M. was very distraught and wanted Defendant Hendricks to stay away from her.

63. At the time, prisoners at FCI Dublin were told that they should report officer misconduct and that it would be taken seriously.

64. Plaintiff S.M. decided to report Defendant Hendricks.

65. She submitted a paper inmate request to the Warden reporting his misconduct.

66. She never received any follow-up.

67. Plaintiff S.M. continues to deal with low self-esteem, anxiety, low self-worth, shame, and embarrassment for all she experienced while at FCI Dublin and FTC Oklahoma.

68. She was diagnosed with post-traumatic stress disorder due to the sexual trauma she experienced.

**EXHAUSTION**

69. On April 2, 2025, Plaintiff S.M., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

70. The BOP acknowledged receipt on April 8, 2025.

71. On February 4, 2026, Plaintiff S.M., through counsel, mailed an amended administrative claim under the FTCA to the BOP's Western Regional Office.

72. The BOP denied Plaintiff S.M.'s claim on March 3, 2026.

**EQUITABLE TOLLING**

73. Plaintiff S.M. is entitled to equitable tolling for her FTCA Claim against Defendant Banks[1].

74. The FTCA's statute of limitations is subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015).

75. Equitable tolling applies when 1) a plaintiff pursued their rights diligently, and 2) extraordinary circumstances prevented timely filing. *Wong v. Beebe*, 732 F. 2d 1030, 1052 (9th Cir. 2013).

76. Courts have long recognized that survivors of sexual abuse may be entitled to equitable tolling where trauma, fear, retaliation, and coercion prevented timely filing. *See S.M., Su v. United States*, No. 4:25-cv-00329-YGR (N.D. Cal. Sept. 3, 2025), ECF No. 24; *Stoll v. Runyon*, 165 F. 3d 1238, 1242 (9th Cir. 1999) (equitable tolling is appropriate where sexual abuse and post-traumatic stress disorder rendered the plaintiff unable to timely pursue a claim).

77. Plaintiff S.M. clearly faced extraordinary circumstances, preventing the timely filing of her FTCA claim.

78. Because Plaintiff S.M. remained incarcerated within the BOP until June 2025, she continued to experience extraordinary circumstances preventing her from freely accessing the courts or safely pursuing her claims. As long as she remained under BOP custody and control, the threats, coercion, and fear of retaliation continued to silence her.

79. A court-appointed Special Master confirmed that during the time of Plaintiff M.C.'s incarceration, FCI Dublin lacked a safe and consistent path for women to file sex abuse complaints, that women in custody were intimidated and forced to justify why they needed to complete sex abuse complaints in the first place, and that women who tried to report abuse were

---

[1] Plaintiff S.M.'s claim against Defendant Hendricks was timely filed.

*S.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 7

met with retaliation, including solitary confinement and wrongful disciplinary infractions, which extended their incarceration.[2]

80.    Plaintiff S.M. has diligently pursued her rights by initiating this claim as soon as she felt some level of safety.

81.    Plaintiff S.M. has further demonstrated that she faced extraordinary circumstances preventing her from filing within the ordinary FTCA statutory period.

82.    Defendants are not entitled to benefit from their own misconduct. Equitable tolling of Plaintiff S.M.'s statute of limitations prevents this very result. Without the equitable tolling of Plaintiff's statute of limitations, Defendants would be rewarded for the very intimidation, retaliation, and constitutional violations that prevented Plaintiff from asserting her claim within the statutory period.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.4)

83.    Plaintiff S.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

84.    Plaintiff S.M. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employees, Defendants Banks and Hendricks.

85.    The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

86.    These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

87.    Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

---

[2] First Report of the Special Master Pursuant to the Court's Order of March 26, 2024, U.S Bureau of Prisons Federal Correctional Institution, Dublin, Submitted by Wendy Still, Special Master U.S. District Court Northern District Court of California, June 5, 2024.

*S.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 8

88.    Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

89.    Defendants Banks and Hendricks discriminated against Plaintiff S.M. based on her gender when they repeatedly sexually abused her by physically subjecting her to sexual acts.

90.    By these acts, Defendant Banks and Hendricks caused Plaintiff S.M. physical, mental, and emotional injuries as well as injury to her personal dignity.

**SECOND CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendants Banks and Hendricks)**
**(Cal. Civ. Code § 52.4)**

91.    Plaintiff S.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

92.    Plaintiff S.M. brings this claim for gender violence under California Civil Code § 52.4 against Defendants Banks and Hendricks.

93.    These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

94.    Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

95.    Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

96.    Plaintiff has a nonfrivolous argument that Defendants Banks and Hendricks bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

97.    Defendants Banks and Hendricks discriminated against Plaintiff S.M. based on her gender when they repeatedly sexually abused her by physically subjecting her to sexual acts.

98.    By these acts, Defendants Banks and Hendricks caused Plaintiff S.M. physical, mental, and emotional injuries as well as injury to her personal dignity.

## THIRD CLAIM FOR RELIEF
## SEXUAL ASSAULT
### (against Defendant United States)
### (FTCA; California Common Law)

99.  Plaintiff S.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

100.  Plaintiff S.M. brings this claim for sexual assault under the Federal Tort Claims Act for violation of California common law against the United States based on the conduct of its employees, Banks and Hendricks.

101.  These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

102.  Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

103.  Defendants Banks and Hendricks violated Plaintiff S.M.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

104.  Defendants Banks' and Hendricks' sexual abuse of Plaintiff S.M. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

105.  Defendants Banks and Hendricks subjected Plaintiff S.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff S.M.'s person.

106.  By intentionally subjecting Plaintiff S.M. to sexual acts, Defendants Banks and Hendricks acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

107.  By repeatedly subjecting Plaintiff S.M. to sexual acts, Defendants Banks and Hendricks caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

## FOURTH CLAIM FOR RELIEF
## SEXUAL ASSAULT
### (against Defendants Banks and Hendricks)
### (California Common Law)

108.  Plaintiff S.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

109.    Plaintiff S.M. brings this claim for sexual assault under California common law against Defendants Banks and Hendricks.

110.    Defendants Banks and Hendricks violated Plaintiff S.M.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

111.    Defendants Banks' and Hendricks' sexual abuse of Plaintiff S.M. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

112.    Defendants Banks and Hendricks subjected Plaintiff S.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff S.M.'s person.

113.    By intentionally subjecting Plaintiff S.M. to sexual acts, Defendants Banks and Hendricks acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

114.    By repeatedly subjecting Plaintiff S.M. to sexual acts, Defendants Banks and Hendricks caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FIFTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 1708.5)**

115.    Plaintiff S.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

116.    Plaintiff S.M. brings this claim for sexual battery under the Federal Tort Claims Act based on California Civil Code § 1708.5 against the United States for the conduct of its employees, Defendant Banks and Hendricks.

117.    These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

118.    Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

119.    Defendants Banks and Hendricks committed battery against Plaintiff S.M. by repeatedly sexually abusing her while she was incarcerated as a minimum-security prisoner at FTC Oklahoma and FCI Dublin.

120.    The sexual abuse of Plaintiff S.M., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

121.    Defendants Banks and Hendricks subjected Plaintiff S.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff S.M.'s person.

**SIXTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendants Banks and Hendricks)**
**(Cal. Civ. Code § 1708.5)**

122.    Plaintiff S.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

123.    Plaintiff S.M. brings this claim for sexual battery based on California Civil Code § 1708.5 against Defendants Banks and Hendricks.

124.    Defendants Banks and Hendricks committed sexual battery against Plaintiff S.M. by repeatedly sexually abusing her while she was incarcerated as a minimum-security prisoner at FTC Oklahoma and FCI Dublin.

125.    The sexual abuse of Plaintiff S.M., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

126.    Defendants Banks and Hendricks subjected Plaintiff S.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff S.M.'s person.

**SEVENTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant United States)**
**(FTCA; California Common Law)**

127.    Plaintiff S.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

128.    Plaintiff S.M. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of its employees, Banks and Hendricks.

129.    These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

130.    Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

131.    Defendants Banks and Hendricks engaged in outrageous conduct by repeatedly subjecting Plaintiff S.M. to sexual acts while she was incarcerated as a prisoner in their employer's custody. They abused their authority over Plaintiff S.M. and their power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

132.    Defendants Banks' and Hendricks' sexual abuse caused Plaintiff S.M. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

133.    Defendants Banks and Hendricks intended to cause Plaintiff S.M. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of a prisoner.

**EIGHTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendants Banks and Hendricks)**
**(California Common Law)**

134.    Plaintiff S.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

135.    Plaintiff S.M. brings this claim for the intentional infliction of emotional distress against Defendants Banks and Hendricks.

136.    Defendants Banks and Hendricks engaged in outrageous conduct by repeatedly subjecting Plaintiff S.M. to sexual acts while she was incarcerated as a prisoner in his employer's custody. They abused their authority over Plaintiff S.M. and their power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

137. Defendants Banks' and Hendricks' sexual abuse caused Plaintiff S.M. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

138. Defendants Banks and Hendricks intended to cause Plaintiff S.M. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of a prisoner.

**NINTH CLAIM FOR RELIEF**
**BANE ACT**
**(against all Defendants)**
**(FTCA; Cal. Civ. Code § 52.1)**

139. Plaintiff S.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

140. Plaintiff S.M. was in the custody and control of the United States during all relevant times.

141. Defendants Banks and Hendricks violated Plaintiff S.M.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

142. Defendant United States, by the actions of its employees Banks and Hendricks, interfered with Plaintiff S.M.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse, and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

143. As a proximate result of these acts, Plaintiff S.M. sustained damage and injury.

## TENTH CLAIM FOR RELIEF
## TRAFFICKING VICTIMS PROTECTION ACT
### (against all Defendants)
### (18 U.S.C. § 1581, *et seq.*)

144.    Plaintiff S.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

145.    Defendants Banks and Hendricks knowingly recruited, enticed, and solicited Plaintiff S.M. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

146.    Defendants Banks and Hendricks made Plaintiff S.M. engage in sex acts through force and coercion.

147.    Defendant United States knew of, or should have reasonably known, that Defendants Banks and Hendricks were soliciting Plaintiff S.M. in exchange for sex acts, and benefited by failing to protect Plaintiff S.M.

148.    This conduct has caused Plaintiff S.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

## ELEVENTH CLAIM FOR RELIEF
## CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.5)

149.    Plaintiff S.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

150.    Defendants Banks and Hendricks knowingly recruited, enticed, and solicited Plaintiff S.M. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

151.    Defendants Banks and Hendricks made Plaintiff S.M. engage in sex acts through force and coercion.

152.    Defendant United States knew or should have known that Defendants Banks and Hendricks were engaged in these activities and intentionally placed Plaintiff S.M. at greater risk of harm and/or failed to act in a manner that protected Plaintiff S.M. from harm.

153. Defendant United States employed Defendants Banks and Hendricks, whose actions and/or inactions occurred while they were acting as federal employees under the color of law.

154. This conduct has caused Plaintiff S.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**TWELFTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendants Banks and Hendricks)**
**(Cal. Civ. Code § 52.5)**

155. Plaintiff S.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

156. Defendants Banks and Hendricks knowingly recruited, enticed, and solicited Plaintiff S.M. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

157. Defendants Banks and Hendricks made Plaintiff S.M. engage in sex acts through force and coercion.

158. Defendant United States knew or should have known that Defendants Banks and Hendricks were engaged in these activities and intentionally placed Plaintiff S.M. in greater risk of harm and/or failed to act in a manner that protected Plaintiff S.M. from harm.

159. This conduct has caused Plaintiff S.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**THIRTEENTH CLAIM FOR RELIEF**
**FALSE IMPRISONMENT**
**(against Defendant Banks)**
**(Cal. Const. Art. I § 13 and Cal. Civ. Code § 820.4)**

160. Plaintiff S.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

161. Defendant Banks physically confined Plaintiff S.M. in a closet, against her will, for an appreciable amount of time, restricting her free movement.

162. Defendant Banks did this in order to sexually abuse Plaintiff S.M.

163.   Plaintiff S.M. has a nonfrivolous argument that Defendant Banks bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

164.   This conduct has caused Plaintiff S.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

### FOURTEENTH CLAIM FOR RELIEF
### FALSE IMPRISONMENT
### (against Defendant United States)
### (FTCA; Cal. Const. Art. I § 13 and Cal. Civ. Code § 820.4)

165.   Plaintiff S.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

166.   Defendant Banks physically confined Plaintiff S.M. in a closet, against her will, for an appreciable amount of time, restricting her free movement.

167.   Defendant Banks did this in order to sexually abuse Plaintiff S.M.

168.   Defendant United States failed to protect S.M. from this harm.

169.   This conduct has caused Plaintiff S.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

### PRAYER FOR RELIEF

170.   Plaintiff S.M. prays for judgment against Defendant, and each of them, as follows:

(a)   An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff S.M. in an amount to be determined at trial;

(b)   An award to Plaintiff S.M. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

(c)   For such other and further relief as this Court may deem just and proper.

///
///
///

*S.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 17

## JURY TRIAL DEMAND

Plaintiff S.M. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: March 4, 2026          SIEGEL, YEE, BRUNNER & MEHTA


By:_____
    EmilyRose Johns

GOLDEN LAW


By: /s/ *Deborah M. Golden*
    Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*